UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY GILMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ER SOLUTIONS, INC., a Washington corporation,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**Demand for Jury Trial** |

Plaintiff Bradley Gilman (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

**I. NATURE OF ACTION**

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of ER Solutions, Inc. and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (hereinafter referred to as "ERS" or "the Company" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.* (TELEPHONE CONSUMER PROTECTION ACT) - 1

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

2.      ERS is a Washington corporation that maintains its headquarters in Renton, Washington. ERS, through its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities, provides debt collection services throughout the United States. ERS employs 730 individuals. On its website, ERS advertises that its employees "understand both the psychology of delinquent customers and their resistance to paying their obligations and have become skilled at using proven strategies and collection techniques to encourage voluntary payment." *See* http://www.convergentusa.com/ERS/ (last visited May 9, 2011).

## II.  JURISDICTION AND VENUE

3.      This matter in controversy exceeds $5 million, as each member of the proposed Class of tens of thousands is entitled to up to $1,500 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4.      Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), because Defendant is a corporation that resides in this judicial district, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## III.  PARTIES

5.      Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of Colorado, who resides in Arapahoe County.

6.      On information and belief, Plaintiff alleges that ERS is, and at all times mentioned herein was, a corporation whose primary corporate address and headquarters are in Renton, Washington, and that ERS does business throughout the country, including this District.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 2

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

### IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that many wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

### V. FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was an individual residing in the State of Colorado. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

12. Plaintiff has a "pay by the minute" cellular telephone. In May 2009, ERS contacted Plaintiff's cellular telephone via an automated calling system. Since that date,

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 3

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Plaintiff has received at a minimum one call per month and at most three calls per week from ERS to his cellular telephone.

13.     ERS has repeatedly called Plaintiff's cellular telephone, using an automated calling system, in an attempt to collect a debt that is not even owed by him.

14.     Earlier this year, Plaintiff was able to speak with an ERS representative regarding the calls being placed to his cellular telephone.  During this conversation, Plaintiff informed ERS that the debt it sought to collect was not his and he requested that the company stop calling his cellular telephone number.  He assumed that this would be the last he heard from ERS but despite Plaintiff's specific request, he received a call on his cellular telephone from ERS approximately one week later.  Moreover, the calls have continued as before, up to three times per week.

15.     The number from which Plaintiff receives calls is 1-800-477-5451.

16.     At no time did Plaintiff ever provide his cellular telephone number to ERS or to its related entities.

17.     ERS is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

18.     Notwithstanding the fact Plaintiff did not provide ERS with his cellular number, and notwithstanding the fact that Plaintiff specifically requested to ERS that it stop calling him, ERS repeatedly contacted, and continues to contact, Plaintiff on Plaintiff's cellular telephone, up to three times per week.  Because most of these calls are prerecorded, it was extremely difficult for Plaintiff to immediately request that the calls end or to voice his complaints to a real person while on the line.  On the one instance that Plaintiff was able to wait on the line, eventually speaking with an ERS representative, he specifically requested that ERS stop calling him, and even that did not work.

19.     All telephone contact by ERS to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 4

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

20. The telephone calls placed by ERS to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

21. The telephone number that ERS used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiff did not provide express consent to receive prerecorded calls on his cellular telephone.

24. Plaintiff did not provide "express consent" allowing ERS to place telephone calls to Plaintiff's cellular telephone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

25. ERS did not make telephone calls to Plaintiff's cellular telephone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

26. ERS's telephone calls to Plaintiff's cellular telephone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

27. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on ERS to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## VI. CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.* (TELEPHONE CONSUMER PROTECTION ACT) - 5

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

29. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from ER Solutions, Inc. to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Plaintiffs" or "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are ERS and any entities in which ERS has a controlling interest, ERS's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

30. Plaintiff does not know the exact number of members in the Class, but based upon the representations of ERS as to its market share, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.

31. Plaintiff and all members of the Class have been harmed by the acts of ERS.

32. This Class Action Complaint seeks money damages and injunctive relief.

33. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by ERS.

34. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether ERS made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 6

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

    b.  Whether ERS can meet its burden of showing that it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c.  Whether ERS's conduct was knowing and/or willful;

    d.  Whether ERS is liable for damages, and the amount of such damages; and

    e.  Whether ERS should be enjoined from engaging in such conduct in the future.

  35. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and he has no interests which are antagonistic to any member of the Class.

  36. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including the TCPA.

  37. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel ERS to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against ERS is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

  38. ERS has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTION RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 7

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.  CAUSES OF ACTION –FIRST COUNT

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §  227 *et seq.***

39.   Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

40.   The foregoing acts and omissions of ERS constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

41.   As a result of ERS's negligent violations of 47 U.S.C. §  227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.   Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting ERS's violation of the TCPA in the future.

43.   Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## VIII.  CAUSES OF ACTION – SECOND COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.***

44.   Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45.   The foregoing acts and omissions of ERS constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §  227 *et seq.* (TELEPHONE CONSUMER PROTECTION ACT) - 8

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

46. As a result of ERS's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

47. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by ERS in the future.

48. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A. As a result of ERS's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B. As a result of ERS's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. Injunctive relief prohibiting such violations of the TCPA by ERS in the future;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

F. Such other relief as the Court deems just and proper.

## X.  DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 9

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

DATED this 12th day of May, 2011.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Beth E. Terrell, WSBA #26759
    Beth E. Terrell, WSBA #26759
    Email: bterrell@tmdwlaw.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@tmdwlaw.com
    936 North 34th Street, Suite 400
    Seattle, Washington  98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 350-3528

    Jonathan D. Selbin
    Email: jselbin@lchb.com
    LIEFF, CABRASER, HEIMANN
      & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
    New York, New York  10013
    Telephone:  (212) 355-9500
    Facsimile:  (212) 355-9592

    Daniel M. Hutchinson
    Email:  dhutchinson@lchb.com
    Alison Stocking
    Email: astocking@lchb.com
    LIEFF, CABRASER, HEIMANN
      & BERNSTEIN, LLP
    Embarcadero Center West
    275 Battery Street
    San Francisco, California  94111-3339
    Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008

    David P. Meyer
    Email:  dmeyer@dmlaws.com
    Matthew R. Wilson
    Email:  mwilson@dmlaws.com
    DAVID P. MEYER & ASSOCIATES CO., LPA
    1320 Dublin Road, Suite 100
    Columbus, Ohio  43215
    Telephone:  (614) 224-6000
    Facsimile:  (614) 224-6066

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 10

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com