THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY GILMAN AND NICOLE NEWMAN, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>    v.<br><br>ER SOLUTIONS, INC., a Washington corporation,<br><br>                          Defendant. | NO. 2:11-cv-00806 JCC<br><br>**FIRST AMENDED ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227** *et seq.* **(TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant ER Solutions, Inc. hereby responds to plaintiffs' amended complaint ("complaint") as follows:

## I. NATURE OF ACTION

1. Defendant admits that plaintiffs appear to have brought this action for damages, injunctive relief, and any other available legal or equitable remedies. Defendant denies the remaining allegations of paragraph 1 of the complaint.

2. Defendant admits that it is a Washington corporation, and that its headquarters are located in Renton, Washington. Defendant admits that it provides debt collection services. Defendant admits that its website is located http://www.convergentusa.com/ERS, and that the website contains the text, "We understand both the psychology of delinquent customers and their resistance to paying their obligations and have become skilled at using proven strategies and collection techniques to encourage voluntary payment." Defendant lacks sufficient information

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC

-1-

GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

or belief to answer on behalf of anyone other than itself. Defendant denies all remaining allegations contained in paragraph 2 of the complaint.

## II. JURISDICTION AND VENUE

3. Defendant denies the allegations contained in paragraph 3 of the complaint.

4. Defendant admits that it is a corporation with a place of business in this judicial district. Defendant admits that its contacts with this district would be sufficient to subject it to specific personal jurisdiction. Defendant denies the remaining allegations contained in paragraph 4 of the complaint.

## III. PARTIES

5. Defendant lacks sufficient knowledge or information to answer the allegations in Paragraph 5, and therefore denies same.

6. Defendant lacks sufficient knowledge or information to answer the allegations in Paragraph 6, and therefore denies same.

7. Defendant admits that it is a corporation whose primary corporate address and headquarters are in Renton, Washington. Defendant admits that it does business in this District and elsewhere in the nation. Defendant denies each and every remaining allegation contained in paragraph 7 of the complaint.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8. Paragraph 8 contains no claims against defendant, and defendant is therefore not required to admit or deny the allegations therein. Alternatively, to the extent that paragraph 8 does contain factual allegations against defendant, defendant lacks sufficient knowledge or information to answer those allegations, and therefore denies same.

9. Paragraph 9 contains no claims against defendant, and defendant is therefore not required to admit or deny the allegations therein. Alternatively, to the extent that paragraph 9 does contain factual allegations against defendant, defendant lacks sufficient knowledge or information to answer those allegations, and therefore denies same.

10. Paragraph 10 contains no claims against defendant, and defendant is therefore not

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC

-2-

GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

required to admit or deny the allegations therein. Alternatively, to the extent that paragraph 10 does contain factual allegations against defendant, defendant lacks sufficient knowledge or information to answer those allegations, and therefore denies same.

11. Paragraph 11 contains no claims against defendant, and defendant is therefore not required to admit or deny the allegations therein. Alternatively, to the extent that paragraph 11 does contain factual allegations against defendant, defendant lacks sufficient knowledge or information to answer those allegations, and therefore denies same.

## V. FACTUAL ALLEGATIONS

**Plaintiff Gilman's Allegations**

12. Paragraph 12 contains no claims against defendant, and defendant is therefore not required to admit or deny the allegations therein. Alternatively, to the extent that paragraph 12 does contain factual allegations against defendant, defendant lacks sufficient knowledge or information to answer those allegations, and therefore denies same.

13. Defendant lacks sufficient knowledge or information as to the allegations contained in paragraph 13 of the complaint, and therefore denies same.

14. Defendant lacks sufficient knowledge or information as to the allegations contained in paragraph 14 of the complaint, and therefore denies same.

15. Defendant lacks sufficient knowledge or information as to the allegations contained in paragraph 15 of the complaint, and therefore denies same.

16. Defendant lacks sufficient knowledge or information as to the allegations contained in paragraph 16 of the complaint, and therefore denies same.

17. Defendant lacks sufficient knowledge or information as to the allegations contained in paragraph 17 of the complaint, and therefore denies same.

18. Defendant lacks sufficient knowledge or information as to the allegations contained in paragraph 18 of the complaint, and therefore denies same.

/ / /

/ / /

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC

-3-

GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

**Plaintiff Newman's Allegations**

19. Paragraph 19 contains no claims against defendant, and defendant is therefore not required to admit or deny the allegations therein. Alternatively, to the extent that paragraph 19 does contain factual allegations against defendant, defendant lacks sufficient knowledge or information to answer those allegations, and therefore denies same.

20. Defendant lacks sufficient information or belief to answer the allegations of paragraph 20 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

21. Paragraph 21 contains no claims against defendant, and defendant is therefore not required to admit or deny the allegations therein. Alternatively, to the extent that paragraph 21 does contain factual allegations against defendant, defendant lacks sufficient knowledge or information to answer those allegations, and therefore denies same.

22. Defendant lacks sufficient information or belief to answer the allegations of paragraph 22 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

23. Defendant lacks sufficient information or belief to answer the allegations of paragraph 23 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

**Plaintiffs' Joint Allegations**

24. Defendant admits that it is a corporation. As 47 U.S.C. § 153(10) defines "common carrier" or "carrier" but not "person," defendant denies that it is a "'person,' as defined by 47 U.S.C. § 153(10)." Defendant lacks sufficient information or belief to answer the remaining allegations of paragraph 24 of the Complaint, and on that ground, denies same.

25. Defendant lacks sufficient information or belief to answer the allegations of paragraph 25 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

/ / /

/ / /

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC

-4-

GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

26. Defendant lacks sufficient information or belief to answer the allegations of paragraph 26 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

27. Defendant lacks sufficient information or belief to answer the allegations of paragraph 27 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

28. Defendant lacks sufficient information or belief to answer the allegations of paragraph 28 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

29. Defendant lacks sufficient information or belief to answer the allegations of paragraph 29 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

30. Defendant lacks sufficient information or belief to answer the allegations of paragraph 30 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

31. Defendant lacks sufficient information or belief to answer the allegations of paragraph 31 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

32. Defendant lacks sufficient information or belief to answer the allegations of paragraph 32 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

33. Defendant lacks sufficient information or belief to answer the allegations of paragraph 33 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

## VI. CLASS ACTION ALLEGATIONS

34. Defendant admits that plaintiffs purport to bring this action on behalf of themselves individually. Defendant denies the remaining allegations in paragraph 34 of the complaint.

COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC

-5-

GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

35. Defendant denies the allegations contained in paragraph 35 of the complaint.

36. Defendant denies the allegations contained in paragraph 36 of the complaint.

37. Defendant denies the allegations contained in paragraph 37 of the complaint.

38. Defendant admits that plaintiffs seek money damages and injunctive relief. Defendant denies the remaining allegations contained in paragraph 38 of the complaint.

39. Defendant denies the allegations contained in paragraph 39 of the complaint.

40. Defendant denies the allegations contained in paragraph 40 of the complaint.

   a. Defendant denies the allegations contained in paragraph 40a of the complaint.

   b. Defendant denies the allegations contained in paragraph 40b of the complaint.

   c. Defendant denies the allegations contained in Paragraph 40c of the complaint.

   d. Defendant denies the allegations contained in Paragraph 40d of the complaint.

   e. Defendant denies the allegations contained in Paragraph 40e of the complaint.

41. Defendant denies the allegations contained in paragraph 41 of the complaint.

42. Defendant lacks sufficient information or belief to answer the allegations of paragraph 42 of the Complaint, and on that ground, denies the allegations of that paragraph.

43. Defendant denies the allegations contained in paragraph 43 of the complaint.

44. Defendant denies the allegations contained in paragraph 44 of the complaint.

## VII. CAUSES OF ACTION – FIRST COUNT

### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 *et seq.*

45. Defendant incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

///

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC

-6-

GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

46. Defendant denies the allegations contained in paragraph 46 of the complaint.

47. Defendant denies the allegations contained in paragraph 47 of the complaint.

48. Defendant denies the allegations contained in paragraph 48 of the complaint.

49. Defendant denies the allegations contained in paragraph 49 of the complaint.

## VIII. CAUSES OF ACTION – SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 *et seq.*

50. Defendant incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

51. Defendant denies the allegations contained in paragraph 51 of the complaint.

52. Defendant denies the allegations contained in paragraph 52 of the complaint.

53. Defendant denies the allegations contained in paragraph 53 of the complaint.

54. Defendant denies the allegations contained in paragraph 54 of the complaint.

### AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure ("FRCP"), defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE
### (Consent)

1. The complaint and each cause of action contained therein are barred because plaintiffs and one or more of the purported class and subclass members provided prior express consent, through an established business relationship or otherwise, that he or she be called on his or her cell phone number.

### SECOND AFFIRMATIVE DEFENSE
### (Ruinous Liability)

2. To the extent that the complaint seeks putative class damages, the aggregated statutory damages, if any, may result in potential ruinous liability for defendant and may constitute excessive fines in violation of the United States Constitution, Eighth Amendment.

/ / /

/ / /

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC

-7-

GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

### THIRD AFFIRMATIVE DEFENSE
### (Subject Matter Jurisdiction)

3.   This Court lacks subject matter jurisdiction under both federal question and diversity grounds. *See, e.g., Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000).

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4.   All or part of the relief sought is barred by the applicable statute of limitations under 28 U.S.C. § 1658(a) and RCW 4.16.080(2).

### FIFTH AFFIRMATIVE DEFENSE
### (Standing)

5.   Plaintiffs lacks standing to assert the claims because plaintiffs, and each of them, including any putative class members, have not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether plaintiff seeks only statutory damages. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It would appear self-evident that the recipient of a cell phone call would first be required to demonstrate cognizable injury, that is, that he or she was both (1) charged, and (2) paid, for the call. *See* 47 U.S.C. §227(b)(1)(A)(iii).

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

6.   The complaint and each cause of action contained therein are barred because plaintiffs and the purported class and subclass members are estopped by reason of their own conduct, acts or omissions, to recover on any claims they may have had against defendant. Plaintiffs assisted, directed, ordered, approved and/or ratified the alleged conduct by, *inter alia*, specifically requesting that defendant call one or more plaintiffs on his or her cell phone number and defendant relied on these actions to its detriment.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

7.   The complaint and each cause of action contained therein are barred because plaintiffs and the purported class and subclass members had a duty to take reasonable steps to mitigate and/or avoid their alleged damages. Defendant, on information and believe, alleges that plaintiffs and the purported class and subclass members failed to take any steps or delayed

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC

-8-

GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

unreasonably in doing so. Had plaintiffs and the purported class and subclass members timely and diligently taken reasonable steps to mitigate and/or avoid their alleged damages, such alleged damages, if any, would have been reduced or avoided altogether.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8. The complaint and each cause of action contained therein are barred by the doctrine of unclean hands; specifically, among other things, plaintiffs and or putative class members intentionally withheld contact information or deceived defendant in an attempt to induce calls to his or her cell phone(s) so as to attempt to provide a combination of debt relief and the instant-pled affirmative claims.

### NINTH AFFIRMATIVE DEFENSE
### (Uncharged Calls Exempt)

9. The complaint and each cause of action contained therein may be barred as to any alleged cell phone calls received by the Plaintiffs and the purported class and subclass members where the calls were not charged to them (e.g., unlimited cell phone plans). *See, e.g.*, 47 U.S.C. §227(b)(2)(C).

### TENTH AFFIRMATIVE DEFENSE
### (Illegality and/or Fraud)

10. All or part of the relief sought by the putative plaintiffs may be barred by illegality, fraud, prior material breach, and/or breach of the duty of good faith and fair dealing arising out of, but not limited to, plaintiffs and/or putative class members' fraudulent conduct and the providing of false information during negotiations and contracting for the underlying debt that is subject of the complaint in this action.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Reasonable Business Practices)

11. Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA. 47 U.S.C. § 227(C)(5).

/ / /

/ / /

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC

-9-

GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

## TWELFTH AFFIRMATIVE DEFENSE
### (No Automated Dialer)

12. The subject telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk and Qualified Privilege)

When one accepts credit, such as the plaintiffs, here, the plaintiffs impliedly consent for the creditor, such as defendant, here, to take reasonable steps to pursue payment even though it may result in actual, though not actionable, invasion of privacy. In the debtor-creditor situation, the right of a debtor to privacy is subject to the right of a creditor to take reasonable steps to collect the debt.

## PRAYER FOR RELIEF

WHEREFORE, defendant prays for judgment as follows:

1. That plaintiffs takes nothing by their complaint;
2. That the complaint be dismissed in its entirety with prejudice;
3. That no class be certified in this action;
4. That defendant be awarded all attorneys fees and costs; and
5. That the Court award such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, defendant ER Solutions, Inc. hereby demands its right to a jury trial on all issues triable to a jury.

Respectfully submitted,

Dated: August 12, 2011      GORDON & REES LLP

By:   /s/Christopher E. Hawk, WSBA #43307
      Christopher E. Hawk, WSBA #43307
      Email: chawk@gordonrees.com
      GORDON & REES LLP
      701 Fifth Avenue, Suite 2100
      Seattle, Washington 98104
      Telephone: (206) 695-5100
      Facsimile: (206) 689-2822

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC
-10-
GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

```
 1
 2                                            Craig J. Mariam, *Pro Hac Vice*
                                              Email: cmariam@gordonrees.com
 3                                            Yuo-Fong C. Amato, *Pro Hac Vice*
                                              Email: bamato@gordonrees.com
 4                                            GORDON & REES LLP
                                              633 West Fifth Street, 52nd Floor
 5                                            Los Angeles, California 90071
                                              Telephone: (213) 576-5000
 6                                            Facsimile: (877) 306-0043

 7                                            Daniel J. Nichols, *Pro Hac Vice*
                                              Email: dnichols@gordonrees.com
 8                                            GORDON & REES LLP
                                              121 SW Morrison Street, Suite 1575
 9                                            Suite 2300
                                              Portland, OR 97204
10                                            Telephone: (503) 222-1075
                                              Facsimile: (503) 616-3600
11
                                              Attorneys for ER Solutions, Inc.
12
13
...
28
```

## CERTIFICATE OF E-FILE SERVICE

I hereby certify that on August 12, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail (N/A). Parties may access this filing through the Court's electronic filing system.

> Beth E. Terrell, WSBA #26759
> Email: bterrell@tmdwlaw.com
> Jennifer Rust Murray, WSBA #36983
> Email: jmurray@tmdwlaw.com
> 936 North 34th Street, Suite 400
> Seattle, Washington 98103-8869
> Telephone: (206) 816-6603
> Facsimile: (206) 350-3528
>
> Jonathan D. Selbin, Admitted *Pro Hac Vice*
> Email: jselbin@lchb.com
> LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
> 250 Hudson Street, 8th Floor
> New York, New York 10013
> Telephone: (212) 355-9500
> Facsimile: (212) 355-9592
>
> Daniel M. Hutchinson, Admitted *Pro Hac Vice*
> Email: dhutchinson@lchb.com
> Alison Stocking, Admitted *Pro Hac Vice*
> Email: astocking@lchb.com
> LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
> Embarcadero Center West
> 275 Battery Street
> San Francisco, California 94111-3339
> Telephone: (415) 956-1000
> Facsimile: (415) 956-1008
>
> David P. Meyer, Admitted *Pro Hac Vice*
> Email: dmeyer@dmlaws.com
> Matthew R. Wilson, Admitted *Pro Hac Vice*
> Email: mwilson@dmlaws.com
> DAVID P. MEYER & ASSOCIATES CO., LPA
> 1320 Dublin Road, Suite 100
> Columbus, Ohio 43215
> Telephone: (614) 224-6000
> Facsimile: (614) 224-6066
>
> **Attorneys for Plaintiffs**

///

///

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, JURY TRIAL DEMANDED
Case No. 2:11-cv-00806 JCC
-12-
GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100 | Fax: (206) 689-2822

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct and executed on August 12, 2011.
3
4  Dated: August 12, 2011                    _s/Christopher E. Hawk/_
                                              Christopher E. Hawk
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANSWER TO PLAINTIFFS' CLASS ACTION   -13-   **GORDON & REES LLP**
COMPLAINT, JURY TRIAL DEMANDED              701 Fifth Avenue, Suite 2100
Case No. 2:11-cv-00806 JCC                  Seattle, WA 98104
                                            Phone: (206) 695-5100 | Fax: (206) 689-2822

ERSI/1070422/10278977v.1