THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY GILMAN AND NICOLE NEWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>ER SOLUTIONS, INC.,<br><br>Defendant. | CASE NO. C11-0806-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to compel further discovery responses and to strike discovery responses. (Dkt. No. 41.) Having thoroughly considered the parties' briefing and the relevant record, the Court denies the motion for the reasons explained herein.

I.  **BACKGROUND**

Plaintiffs Bradley Gilman and Nicole Newman filed this putative class action in May 2011, alleging that Defendant ER Solutions, Inc. ("ERS") made unauthorized, automated calls to Plaintiffs' cellular phones and to those of proposed class members in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Dkt. No. 1.) On August 1, 2011, ERS served Plaintiffs with interrogatories and requests for production, to which Plaintiffs responded on August 31, 2011. (*See* Dkt. Nos. 42-3, 42-4, 42-8.) During the following two months, the parties exchanged correspondence regarding the sufficiency of Plaintiffs' responses (*see* Dkt.

Nos. 42-9, 42-10, 42-11), and Plaintiffs provided amended responses to the interrogatories. (*See* Dkt. Nos. 42-2, 42-6.) ERS now seeks to compel responses to five interrogatories and five requests for production for each Plaintiff. (Dkt. No. 41 at 4-7.) ERS also moves to strike Ms. Newman's discovery responses on the grounds that they were not signed by an attorney of record in this case. (*Id.* at 10-11.)

## II.   DISCUSSION

Parties may seek discovery regarding any nonprivileged matter that is relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). Under Rule 26, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A party may move to compel disclosure or discovery, provided that the movant has conferred or attempted to confer in good faith with the party failing to make the disclosure in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1).

The parties sharply dispute whether they adequately met and conferred regarding the discovery requests at issue in this motion. As the Court has insufficient grounds for denying the motion strictly on the meet-and-confer requirement, it addresses each of ERS's objections in turn.

### A.   Interrogatories

ERS complains that Plaintiffs have failed to provide adequate responses to interrogatories related to Plaintiffs' class certification allegations. In two interrogatories directed to each Plaintiff (Gilman Interrogatories 8 and 10; Newman Interrogatories 14 and 16), ERS requested that Plaintiffs identify and provide contact information for individuals who received the kind of calls that form the basis of Plaintiffs claims. Plaintiffs objected on various grounds and responded with their own names. (Dkt. No. 42-2 at 8-10; Dkt. No. 42-6 at 12-14.) According to ERS, Plaintiffs' responses are "unclear and rife with unfounded objections." (Dkt. No. 41 at 7.)

The Court disagrees. Indeed, it is unclear exactly what ERS finds deficient in these responses, as Plaintiffs provided answers to the interrogatories, subject to various objections.

ERS states in its reply that it is entitled to discovery responses "signed and verified without objection," but it provides no authority for this contention. (*See* Dkt. No. 58 at 6.) Objections to interrogatories are not only contemplated in the Rules (*see* Fed. R. Civ. P. 33(b)(4)), but also are so commonplace as to be wholly unremarkable. Part of the reason for their frequency surely has to do with the fact that objections are waived unless made in a timely response. *See id.* ERS itself makes prodigious use of objections in its responses to Plaintiffs' interrogatories. (*See* Dkt. No. 44-3.) Nor is it surprising that Plaintiffs are only able to identify themselves as the recipients of calls from ERS at this point. As discovery is ongoing, and ERS has not provided responses to Plaintiffs' discovery requests *on this very issue*, it stands to reason that Plaintiffs do not have further responsive information.

ERS also argues that Plaintiffs should be compelled to respond to several contention interrogatories posed to each Plaintiff (Gilman Interrogatories 14-16; Newman Interrogatories 21-23). Plaintiffs objected to these interrogatories as premature, among other grounds, and declined to provide a response. (Dkt. No. 42-2 at 12-14; Dkt. No. 42-6 at 17-19.) The parties provide heaps of authority as to the propriety of contention interrogatories, but they appear to agree that such interrogatories are not *per se* improper. ERS contends that it is entitled to "meaningful responses" before Plaintiffs file a motion for class certification. (Dkt. No. 41 at 9.)

Here again, the Court declines to compel responses when discovery is ongoing and Plaintiffs have received little of the discovery they have requested from ERS. Rule 33 makes clear that each interrogatory must be answered "to the extent it is not objected to." Fed. R. Civ. P. 33(b)(3). Plaintiffs will obviously have to amend their responses to these interrogatories once they have collected evidence in support of their contentions. If they have not so amended their responses at the time they file for class certification, ERS may simply emphasize that to the Court.

B.   **Requests for Production**

ERS makes parallel objections to Plaintiffs' responses to requests for production related

to class certification (Gilman RFPs 7, 8, and 24-26; Newman RFPs 9, 10, and 26-28). Plaintiffs objected to those requests and responded that they did not have responsive documents. (Dkt. No. 42-4 at 6, 7, 15, 16; Dkt. No. 42-8 at 8, 9, 18-20.) ERS asks the Court to order Plaintiffs to remove their objections and "provide immediately any documents responsive to ERS's requests." (Dkt. No. 41 at 10.)

The Court agrees with Plaintiffs that ERS's argument here strains credulity. Plaintiffs are entitled to object to these requests. *See* Fed. R. Civ. P. 34(b)(2)(B). Regardless, for each of the requests in issue, *Plaintiffs responded that they have no responsive documents*. The Court is baffled as to how it should go about compelling Plaintiffs to produce documents they do not possess.

### C.  Ms. Newman's Discovery Responses

ERS's final argument is that Ms. Newman's discovery responses should be stricken, as they were not signed by an attorney admitted to practice before this Court. (Dkt. No. 41 at 10.) Plaintiffs apparently agreed to remedy this problem on November 9, 2011—before ERS filed the instant motion—and did so on November 22. (Dkt. No. 55 at 13.)

While the Court takes seriously the requirement that discovery responses be signed by an attorney of record, Plaintiffs have cured this defect, and the Court sees no reason to impose sanctions.

## III.  CONCLUSION

The Court harbors serious doubt as to whether this discovery dispute truly merited the Court's attention. Counsel's apparent unwillingness to confer meaningfully regarding these issues and to resolve disputes without the Court's guidance detracts from the Court's ability to rule thoughtfully on dispositive motions and other matters of consequence. The Court cautions counsel—defense counsel in particular—that continued truculence will meet with less patience from the Court.

For the foregoing reasons, Defendant's motion to compel further discovery responses is

1  DENIED.

2  DATED this 2nd day of February 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5