THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY GILMAN AND NICOLE NEWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>ER SOLUTIONS, INC.,<br><br>Defendant. | CASE NO. C11-0806-JCC<br><br>ORDER |

This matter comes before the Court on Defendant ER Solutions, Inc.'s Motion for a Protective Order (Dkt. No. 43). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and denies the motion for the reasons explained herein.

I.   **BACKGROUND**

Plaintiffs Bradley Gilman and Nicole Newman filed this putative class action in May 2011, alleging that Defendant ER Solutions, Inc. ("ERS") made unauthorized, automated calls to Plaintiffs' cellular phones and to those of proposed class members in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Dkt. No. 1). Plaintiffs served ERS with interrogatories and requests for production on August 9, 2011. ERS responded to the discovery requests and amended its responses twice, but objected to some of the requests on the grounds that they exceeded the permissible scope of discovery prior to certification of a class.

ORDER
PAGE - 1

(Dkt. No. 43 at 8; Dkt. Nos. 44-3, 44-4.) As with ERS's motion to compel discovery (Dkt. No. 41), the parties dispute whether or not they adequately met and conferred regarding ERS's objections. Regardless, ERS now seeks an order relieving it from the obligation to respond to discovery requests on "the identity of the proposed class members, the merits of the proposed class members' case, and third party vendor information not related to the named plaintiffs." (Dkt. No. 43 at 8.)

## II.  DISCUSSION

For good cause, a court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" arising out of discovery requests. Fed. R. Civ. P. 26(c). The party asserting good cause bears the burden of showing that "specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986)).

Plaintiffs argue that ERS has not met its burden of showing specific prejudice or harm here, and the Court agrees. At various points in its briefing, ERS uses expansive language to describe the scale of Plaintiffs' requests and the difficulty of responding to them. According to ERS, the responses would require "hundreds to thousands of hours of employee and/or attorney time ," pose untold "computational and logistical challenges," and entail "production of millions of private financial records of consumers." (Dkt. No. 43 at 9, 12, 13.) Yet ERS cites nothing in support of these assertions. The declaration of ERS's counsel merely states that to respond to the requests, "ERS would need to conduct individualized inquiries into thousands of debtor files retained by ERS." (Dkt. No. 44 at 2.) Even if ERS's counsel were competent to make that statement, it would not, of itself, show good cause to issue a protective order here, as Plaintiffs have alleged TCPA violations on behalf of numerous individuals and are conducting discovery

relevant to class certification. Without an affidavit from a data custodian or qualified ERS representative, the Court gives less weight to the protestations of counsel regarding the burden of responding to the requests. Denial of ERS's motion is warranted on that basis alone.

Notwithstanding this failure to meet its burden as to prejudice, ERS seeks to limit discovery to issues that relate only to class certification on the grounds that Plaintiffs are not entitled to "merits" discovery prior to certification. (Dkt. No. 43 at 9.) District courts have broad discretion to control the scope of discovery prior to class certification. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir.1975). A plaintiff may be entitled to discovery regarding the requirements for certification upon "a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir.1985); *see also Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312 (9th Cir.1977) (court abuses discretion in denying pre-certification discovery where the propriety of class certification cannot be fairly determined without it).

In the interest of efficiency, some courts have restricted the scope of discovery as to the merits of the class claims prior to certification. *See, e.g.*, *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663 (D. Minn. 2002); *see also Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir.1992) ("To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits."). Nonetheless, it is clear that evaluation of issues related to class certification often raises questions that are "intimately involved with the merits of the claims." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.12 (1978) (quoting 15 Charles Wright *et al.*, Federal Practice & Procedure § 3911, at 485 n.45 (1976)). Thus, pre-certification discovery often cannot be bifurcated simplistically into "class" and "merits" phases. This is particularly true given that the named plaintiffs must be permitted to conduct discovery into the merits of their own claims regardless of whether class certification is

ultimately granted.

With these principles in mind, the Court addresses the three areas for which ERS seeks a protective order.

### A.   Identities of Proposed Class Members

ERS first requests protection from Interrogatories 11 and 12 and Requests for Production 11 and 12, which seek the identities of, and contact information for, individuals who received automated, prerecorded calls from ERS after May 2007. (Dkt. No. 44-1 at 10-11; Dkt. No. 44-2 at 11.) According to ERS, Plaintiffs have no need for what would amount to a class list, particularly because ERS is not contesting the numerosity prong of Rule 23(a).[1] Plaintiffs respond that they need to know the names of other potential class members in order to investigate and argue the commonality and typicality requirements under Rule 23. (Dkt. No. 53 at 11.)

The Court concludes that Plaintiffs are entitled to the requested discovery. Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery requests ERS opposes. Although some of the requested discovery is also relevant to the merits of the class members' claims, the requests are appropriately tailored to address the prerequisites for class certification. ERS does not contest that the proposed class is numerous, and ERS's own discovery requests underscore the relevance

---

[1] The Court notes that some of the authority ERS cites in support of its argument on this issue is inapposite. For instance, the court in *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982 (S.D. Cal. 2005), denied the plaintiff's request for a class survey because it was not yet clear that the amount in controversy was sufficient for jurisdictional purposes. The Court noted that the "need for the survey is clearly more germane to the merits of the case," and that jurisdiction had to be established as a threshold matter. *Id.* at 986. Likewise, the Senate Judiciary Committee Report on the Class Action Fairness Act stated that it would be improper for plaintiffs to request a list of all class members *before the court has satisfied itself of jurisdiction*, not during the normal discovery process. Sen. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 38.

ORDER
PAGE - 4

of the identities of other class members. (*See* Dkt. No. 42-1 at 4-5.) Plaintiffs' requested discovery therefore appears likely to produce substantiation of the class allegations and is appropriate for that reason.

ERS also contends that responding to these requests would result in disclosure of third-party information in violation of the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.* (Dkt. No. 43 at 11.) But the GLBA exempts the disclosure of nonpublic personal information in response to judicial process. *See* 15 U.S.C. § 6802(e)(8); *Marks v. Global Mortg. Group, Inc.*, 218 F.R.D. 492, 496 (S.D. W. Va. 2003) (exemption for judicial process under § 6802(e)(8) includes disclosure to comply with a discovery request); *Ameriquest Mortg. Co. v. State Atty. Gen.*, 148 Wash. App. 145, 163-64 (2009) ("[U]nder the judicial process exception, the financial institution may disclose its customers' nonpublic personal information in response to a plaintiff discovery request."). The subject requests are therefore consonant with the GLBA. The parties' stipulated protective order regarding the treatment of confidential information (Dkt. No. 36) provides an additional safeguard against unauthorized disclosure of such information.

### B.     Policies and Practices

ERS next objects to various discovery requests on its policies and practices related to prerecorded telephone calls and debtors' consent to receive the same. (*See* Dkt. No. 44-1, Interrogatories 1-3 and 7-10; Dkt. No. 44-2, RFPs 2, 13, 16-18.) ERS argues that the requests improperly bear on the merits of the proposed class members' claims and are unnecessary prior to certification. But almost all of the requested information is as relevant to the named Plaintiffs' claims as it is to the claims of the class members, and it would have to be produced regardless of whether the class is certified. Although ERS asserts (without reference to a supporting affidavit) that responding to the requests would require it to "look at every debtor file" (Dkt. No. 43 at 13), it is not clear to the Court why that would be the case. Presumably ERS's policies and practices are not unique to each individual debtor. Moreover, the requests are relevant to whether Plaintiffs' claims "are reasonably co-extensive with those of absent class members" under the

typicality prong of Rule 23. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). ERS therefore has not shown good cause for a protective order on these requests.

C.     **Third-Party Vendors**

Finally, ERS seeks protection from requests on any third-party vendors it has retained to acquire debtors' cellular telephone numbers. (*See* Dkt. No. 44-1, Interrogatories 4-6; Dkt. No. 44-2, RFPs 4, 5.) Here again, ERS complains that the requests amount to a "fishing expedition into the potential merits of putative claims by proposed class members." (Dkt. No. 43 at 14.) The Court disagrees. The interrogatories merely seek (1) the identities of any third parties ERS has retained to acquire telephone numbers, and (2) information on the policies or practices through which such entities were retained. (Dkt. No. 44-1 at 8-9.) The requests for production seek documents reflecting ERS's relationships with those third parties or the relevant policies supporting their retention. (Dkt. No. 44-2 at 8.) These requests are not onerous. Moreover, they are germane both to Plaintiffs' claims and to those of the proposed class, and they relate to Plaintiffs' burden under Rule 23(a). The Court therefore sees no valid reason to grant ERS's motion for a protective order as to these requests.

**III.     CONCLUSION**

For the foregoing reasons, ERS's motion for a protective order (Dkt. No. 43) is DENIED.

DATED this 3rd day of February 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE